NO. 07-01-0033-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 18, 2001

______________________________

MICHAEL CAMERO,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 208
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 836,086; HON. DENISE COLLINS, PRESIDING

_______________________________

 
ABATEMENT AND REMAND

_______________________________
 

Before BOYD, C.J., and QUINN and JOHNSON, JJ. 

Michael Camero (appellant) appeals his conviction for aggravated robbery; he had pled guilty to the offense.  The record of the court clerk was filed on January 23, 2001.
(footnote: 1)   Consequently, appellant’s brief was due on or before February 22, 2001.  However, we received a motion from appellant’s counsel asking that the deadline be extended 60 days due to his caseload.  We extended the deadline for 30 days.  Several days after the extended deadline lapsed, the court received another motion for appellant’s counsel again requesting a 60 day extension.  The reason for the extension again was his caseload.  We extended the deadline to April 16, 2001 and admonished both appellant and counsel that the failure to so file a brief could result in abatement and remand pursuant to Texas Rule of Appellate Procedure 38.8(b)(2).  Instead of filing a brief, appellant’s counsel filed a third motion requesting a 60 day extension.  And, as before, we are told that the extra time is needed because counsel is too busy with other work.  This ground no longer justifies an extension, and, therefore, we deny the motion. 

Next, we abate this appeal and remand the cause to the 208th District Court of Harris County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

     1.    whether appellant desires to prosecute the appeal; and 

     2.    whether appellant is indigent and entitled to appointed counsel.   

The trial court shall cause the hearing to be transcribed.  Furthermore, should the court determine that appellant desires to prosecute this appeal and is indigent, then the trial court shall appoint new counsel to appellant and remove Kenneth W. Smith as appellant’s counsel of record due to his apparent inability to file a timely brief and provide appellant effective representation.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).  The name, address, telephone number, and state bar number of said newly appointed counsel shall be included in the order appointing new counsel.  In addition, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues and cause same to be included in a supplemental clerk’s record.  Finally, the trial court shall file the supplemental clerk’s record and the transcription of the hearing with the Clerk of this Court by May 17, 2001.  Should further time be needed by the trial court to perform these tasks, then same must be requested before May 17, 2001. 

 It is so ordered. 

                                         Per Curiam 

 Do not publish. 

         

FOOTNOTES
1:
Appellant waived his right to have the court reporter record the plea hearing.  Thus, there is no reporter’s record.